# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | |
|---|---|
| RONGEY JORDAN, | : |
| Petitioner, | : |
| VS. | : |
| | : CIVIL NO.: 4:19-CV-188-CDL-MSH |
| Warden SHAWN EMMONS, | : |
| Respondent. | : |

## ORDER

Petitioner Rongey Jorden has filed a *pro se* federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2003 criminal conviction in the Superior Court of Muscogee County, Georgia for armed robbery, burglary, possession of a firearm by a convicted felon, and possession of a firearm during the commission of a crime. Pet. 1, ECF No. 1. A review of this Court's records reveals that Petitioner previously filed a federal habeas corpus petition challenging this same conviction that was dismissed as untimely. *See* Report & Recommendation, ECF No. 15 in *Jordan v. Terry*, 4:08-cv-00057-CDL (M.D. Ga. Oct. 20, 2008) ("*Jordan I*"); *see also* Order, ECF No. 20 in *Jordan I* (adopting recommendation to dismiss habeas petition as untimely).

Pursuant to 28 U.S.C. §§ 2254 and 2244, as amended by §§ 105 and 106 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district

court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also Guenther v. Holt*, 173 F.3d 1328, 1330 (11th Cir. 1999), *cert. denied*, 528 U.S. 1085 (2000). The instant Petition is considered successive within the meaning of § 2244(b). It does not appear, and Petitioner does not allege, that he has received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this Court to consider a successive habeas petition for his 2003 conviction. Without such an order, the Court lacks jurisdiction to consider the successive claims. *See* § 2244(b)(3)(A); *Gilreath v. State Bd. of Pardons & Paroles*, 273 F.3d 932, 933-34 (11th Cir. 2001) (per curiam).

It is therefore **ORDERED** that the instant Petition be **DISMISSED without prejudice** to Petitioner's right to file in the Eleventh Circuit a motion for leave to file a second or successive habeas petition pursuant to § 2244(b)(3). The Clerk is **DIRECTED** to furnish Petitioner with the application form required by the Eleventh Circuit.[1]

---

[1]Generally, before a habeas applicant may appeal a "final order adverse to the applicant," the district court must first issue a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2254, Rule 11(a). If "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a COA will not be issued unless the prisoner can show, at least, "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). The Court recognizes that an appeal of an order dismissing a petition as successive may not require a certificate of appealability ("COA"). *See, e.g., Bolin v. Sec'y, Fla. Dep't of Corr.*, 628 F. App'x 728, 730 (11th Cir. 2016) (per curiam) (holding that "a dismissal of a successive habeas petition for lack of subject-matter jurisdiction does not constitute a 'final order in a habeas proceeding' for purposes of 28 U.S.C. § 2253(c). . . . Instead, such a dismissal is a 'final decision' pursuant to 28 U.S.C. § 1291 and a COA is thus 'unnecessary. . .'" (quoting *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004) (affirming dismissal of successive habeas petition for lack of subject-matter jurisdiction)). *But see id.* at 731

**SO ORDERED**, this 2nd day of January, 2020.

                                          s/Clay D. Land
                                          CLAY D. LAND
                                          CHIEF U.S. DISTRICT COURT JUDGE
                                          MIDDLE DISTRICT OF GEORGIA

---

(Carnes, C.J., concurring) (opining that *Hubbard* was wrongly decided and that a dismissal of a habeas petition for lack of subject matter jurisdiction should require a COA). At any rate, the Court concludes that reasonable jurists could not find that dismissal of this petition as successive was debatable or wrong. Petitioner is therefore **DENIED** a COA, to the extent a COA is necessary.